UNITED STATES of America, Plaintiff,

v.

ISCO, INC., formerly States Marine International, Defendant and Third-Party Plaintiff,

Skibs A/S Akersviken et al., Third-Party Defendants.

No. 76–C–537.

United States District Court, E. D. Wisconsin.

Jan. 30, 1979.

Joan F. Kessler, U. S. Atty. by John A. Nelson, Asst. U. S. Atty., Milwaukee, Wis., John T. Shepherd, U. S. Dept. of Justice, Admiralty & Shipping Section, Washington, D. C., for plaintiff.

Ben G. Slater, Milwaukee, Wis., for Isco.

Davis, Kuelthau, Vergeront, Stover & Leichtfuss by David W. Neeb, Milwaukee, Wis., for third-party defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the plaintiff's motion to set aside the dismissal of the third-party defendant, Skibs, to strike Skibs' answer, and to enter default judgment against Skibs in the plaintiff's favor. In order better to understand my disposition of the government's motion, the following background may be helpful.

The government filed this admiralty action on July 29, 1976, for damages due to cargo loss against Isco, Inc. On November 15, 1976, Isco filed its answer to the government's complaint.

On September 6, 1977, Isco filed a third-party complaint against several defendants, including Skibs, a foreign corporation. The third-party complaint stated in pertinent part:

"Wherefore defendant and third party plaintiff, Isco, Inc. . . . prays as follows: . . . that pursuant to Rule 14(c), Federal Rules of Civil Procedure, third party defendant Skibs . . . be ordered to answer the complaint of the plaintiff and that this action proceed as if the plaintiff had commenced it against all of said third party defendants directly, as well as against defendant-third party plaintiff."

On June 13, 1978, upon the application of the government, default was entered against Skibs by the clerk of this court, since to that point Skibs had failed to file a responsive pleading. On June 21, 1978, for the first time, an attorney for Skibs filed a notice of retainer. On June 28, 1978, the clerk of this court, upon the application of the third-party plaintiff, Isco, dismissed the third-party complaint without prejudice, pursuant to Rules 41(a)(1)(i) and 41(c), Federal Rules of Civil Procedure.

On July 3, 1978, the government requested that default judgment be entered against the third-party defendants. The clerk did not grant the government's request due to the previous dismissal of the third-party complaint.

On July 26, 1978, the third-party defendant Skibs filed an answer to the government's complaint, despite the previous dismissal of Skibs. In a letter accompanying the answer, Skibs' attorney explained his reason for filing an answer:

". . . I am filing the enclosed answers and claims because plaintiff's counsel has contested the effectiveness of that voluntary dismissal as to the United States."

Before me now is the government's motion to set aside the clerk's dismissal of Isco's third-party complaint, to strike Skibs' answer as untimely, and to enter default judgment in the government's favor. Both Isco and Skibs have filed briefs in opposition to the government's motion.

Rule 14(c), Federal Rules of Civil Procedure, provides:

"*Admiralty and Maritime Claims.* When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or claimant, as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, occurrences, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make his defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 *and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff.*" (emphasis added).

On the basis of Rule 14(c), the government contends that as of the filing of the third-party complaint against Skibs, this action was to proceed as if the government had commenced it against Skibs as well as Isco.

Isco and Skibs, while conceding that Isco filed a third-party complaint against Skibs, contend that Rule 14(c) does not require this action to have proceeded as if the government had filed a complaint against Skibs because the third-party complaint did not "demand judgment" in the plaintiff's favor. While the third-party complaint does not contain the words "demand judgment," I believe the defendants read Rule 14(c) too narrowly. In my opinion, the unmistakable meaning of the instant third-party complaint was to designate Skibs as a defendant to the government's complaint.

Isco's third-party complaint stated its desire that "pursuant to Rule 14(c) . . . Skibs be ordered to answer the complaint of the plaintiff and that this action proceed as if the plaintiff had commenced it against [Skibs] directly."

Thus, in my judgment, after the filing of the third-party complaint, this action was to proceed as if the government had commenced it against Skibs directly. Therefore, Skibs could not be voluntarily dismissed from this action without the permission of the government. Accordingly, the government's motion to set aside the clerk's dismissal of Skibs will be granted.

I am persuaded, however, that the government's motion to strike Skibs' answer and to enter default judgment against Skibs should not be granted. Skibs' failure to file a timely answer in this action is explained, at least in part, by the uncertain status of Skibs relative to the government's complaint. Moreover, the government has not shown any prejudice from which it has suffered due to Skibs' delay in filing its answer. Thus, I deem it the better use of discretion to deny the government's motion to strike Skibs' answer and also to refuse to enter a default judgment against Skibs.

Finally, both Skibs and Isco indicated in their briefs their belief that the government's claim against Skibs is time-barred. I will not resolve that issue in this decision since it is not properly before me. If any party wishes to raise this issue, they should do so by filing a motion.

Therefore, IT IS ORDERED that the plaintiff's motion to set aside the clerk's dismissal of the third party complaint in this action be and hereby is granted.

IT IS ALSO ORDERED that the plaintiff's motion to strike the answer of the third-party defendant Skibs A/S Akersviken, and to enter default judgment against said defendant, be and hereby is denied.