**Louis T. CARR, Appellant,**

v.

**Terrell D. HUTTO, Director of the Virginia Department of Corrections, Appellee.**

No. 83–6656.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 10, 1984.

Decided July 10, 1984.

Stephen A. Saltzburg, Charlottesville, Va., University of Virginia, School of Law, for appellant.

---

**2.** The interest was to be paid quarterly, however.

Thomas E. Bagwell, Asst. Atty. Gen., Richmond, Va. (Gerald L. Baliles, Atty. Gen. of Va., Richmond, Va., on brief), for appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

### PER CURIAM:

The dispositive issue on appeal in this case is whether Carr's failure to make a timely objection to a magistrate's report precludes him from raising his objections on appeal. Because this court has resolved this issue recently in a criminal appeal, we follow that case and affirm the district court's dismissal of Carr's petition for habeas corpus relief.

Carr filed his petition *pro se* alleging that there was insufficient evidence to convict him of robbery, rape, abduction, and use of a firearm in the commission of a felony. The matter was referred to a U.S. magistrate, who filed his report on December 6, 1982. The report found no merit to Carr's claim and recommended denial of relief. The magistrate in his report also notified Carr that written objections to the report could be made within 13 days.[1] No objections were filed within the 13-day period. On December 27, 1982, the district court received a letter from Carr objecting to the report. Carr apparently forwarded to the court a letter he had received from an attorney advising him to object to the magistrate's report. The district court found the objections untimely, accepted the magistrate's findings and recommendations without the *de novo* determination required for magistrates' proposed findings and recommendations which are objected to, and dismissed the petition on the merits. Carr now wishes to question on appeal the merits of the magistrate's findings which were not objected to within the 13-day period after the magistrate filed his report and which were accepted by the district court.

We find the recent opinion in *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), dispositive. In *Schronce*, we held that a criminal defendant was precluded from raising on appeal his claim that evidence seized in a warrantless search should have been suppressed, because he had failed to object to the magistrate's report which had recommended that his suppression motion be denied. We think that this case and *Schronce* are indistinguishable,[2] and accordingly hold that Carr is precluded from questioning on appeal the substance of the magistrate's report, accepted by the district court, because he failed to object to the magistrate's report in a timely manner in the district court.

The judgment of the district court is accordingly

AFFIRMED.

---

1. Three days were added under FRCP 6(e) for service by mail in addition to the ten days permitted by the statute, 28 U.S.C. § 636(b)(1)(C).

2. The notice given by the magistrate here said that Carr and the Commonwealth "may serve ... and file ... objections," while the notice in *Schronce* may have advised the parties they "had ten days to file written objections." Assuming this difference of language exists, we think it of no legal consequence, and note that the statute, 28 U.S.C. § 636(b)(1)(C), uses the words "[w]ithin ten days any party *may*" file objections. (Italics added)

The magistrate "further notified" the parties that "failure to file timely objections to the findings and recommendations set forth above may result in waiver of right to appeal from a judgment of this court based on such findings and recommendations." While the right to take an appeal from the final order of a district court, granted by statute, of course cannot be denied by failure to object, the notice given by the magistrate is certainly fair warning of the possible consequences of the failure to object timely. While we do not decide that such a warning is required, if so, it was given in this case.