804 F.2d 678
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Tyrone MORGAN, Plaintiff-Appellant.
v.
The UNITED STATES ATTORNEY GENERAL; United States
Department of Justice; William Donald Schaefer, Mayor,
Baltimore City, Maryland; County Executive Harford County;
Paul J. David, Warden, Baltimore City Jail; Thomas "Randy"
Corcoran, Deputy Warden, Baltimore City Jail; Marty
Katzenstein, Deputy Warden Treatment, Baltimore City Jail;
Sheriff of Harford County; Sheriff's Department Harford
County (Specifically Lt. Rector); Defendants-Appellees.
 No. 86-7199.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1986.
Decided Nov. 6, 1986.
 
 Robert Tyrone Morgan, appellant pro se.
 Max Dunham Miller, Miller, Fry & Protokowicz; Frank Charles Derr, City Solicitor's Office; Stephen Howard Sachs, Office of the Attorney General of Maryland, for appellees.
 D. Md.
 AFFIRMED.
 Before RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Robert Morgan filed this suit pursuant to 42 U.S.C. Sec. 1983 alleging that Baltimore City and Harford County Detention employees had violated his civil rights. The magistrate held a hearing on four issues:
 
 
 2
 (1) Whether Morgan was prevented or in any way obstructed from voting in the Democratic primary for Mayor of Baltimore City;
 
 
 3
 (2) Whether Morgan's right to be free from deliberate indifference to his serious medical needs was violated while he was incarcerated in the Baltimore City Jail;
 
 
 4
 (3) Whether Morgan was transferred out of the Baltimore City Jail in retaliation for or in order to chill his legal activities; and
 
 
 5
 (4) Whether Morgan was deprived of his right to be free from deliberate indifference to his serious medical needs when fed soup at the Harford County Detention Center which caused an allergic reaction.
 
 
 6
 After the hearing, the magistrate recommended that the district court grant summary judgment for the defendants. The district court notified Morgan that failure to file objections to the magistrate's report could result in waiver of his right to appellate review. In addition, the district court granted six extensions of time for Morgan to file objections. Eventually, the district court adopted the magistrate's recommendation, and Morgan appealed.*
 
 
 7
 The failure to file timely objections to a magistrate's report waives appellate review of the substance of that report, where the parties have been warned that failure to object will waive appellate review. Wright v. Collins, 766 F.2d 841 (4th Cir.1985); Carr v. Hutto, 737 F.2d 433 (4th Cir.1984), cert. denied, --- U.S. ----, 54 U.S.L.W. 3392 (Dec. 9, 1985). The use of this procedure was recently upheld by the Supreme Court. Thomas v. Arn, --- U.S. ----, 54 U.S.L.W. 4032 (Dec. 4, 1985). As Morgan was properly warned and still failed to file objections, he has waived his right to appellate review.
 
 
 8
 We accordingly affirm the judgment of the district court. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 9
 AFFIRMED.
 
 
 
 *
 We reject the appellees' suggestion that the appeal was untimely. The district court entered judgment, and Morgan filed a timely Rule 59 motion. The court denied that motion on June 10, but the denial of the motion was not entered on the docket until June 30. Morgan noted his appeal on July 17; therefore it was timely. See Fed.R.Civ.P. 79(a); Fed.R.App.P. 4(a)(4) and (6)