810 F.2d 194
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roscoe MCNEIL, Jr., Plaintiff-Appellant,
v.
E.B. WARDEN, Jr., Defendant-Appellee,
 No. 86-6783.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 17, 1986.
Decided Jan. 20, 1987.
 
 Before SPROUSE and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Roscoe McNeil, Jr., appellant pro se.
 William W. Muse and Peter Harris Rudy, Office of the Attorney General of Virginia, for appellee.
 PER CURIAM:
 
 
 1
 Roscoe McNeil, a Virginia inmate, filed this 42 U.S.C. § 1983 suit alleging that:
 
 
 2
 1) Officer Phillips assaulted him;
 
 
 3
 2) he was denied adequate medical care;
 
 
 4
 3) he was denied procedural due process during a prehearing detention proceeding on October 25, 1984;
 
 
 5
 4) he was transferred from Brunswick to Powhatan and then to Mecklenburg in retaliation for pursuing charges against Officer Phillips; and
 
 
 6
 5) he was denied due process and equal protection when he received fifteen days isolation time for another incident.
 
 
 7
 The first claim was dismissed because Officer Phillips was never served, and his address after leaving the employ of the Department of Corrections was not available to the court. The district court referred claims 3 and 4 to the magistrate for an evidentiary hearing and granted summary judgment for the defendant on the remaining two claims.
 
 
 8
 After holding an evidentiary hearing, the magistrate recommended that the district court dismiss McNeil's claims. In that recommendation, the magistrate warned McNeil that failure to file timely objections might result in waiver of appellate review. McNeil failed to file any objections. The district court adopted the magistrate's recommendation, denied relief and dismissed the complaint.
 
 
 9
 This Court has held that the failure to file timely objections to a magistrate's report waives appellate review of the substance of that report where the parties have been warned that failure to object will waive appellate review. Wright v. Collins, 766 F.2d 841 (4th Cir.1985); Carr v. Hutto, 737 F.2d 433 (4th Cir.1984), cert. denied, --- U.S. ----, 54 U.S.L.W. 3392 (Dec. 10, 1985). The Supreme Court has approved the courts' power to establish rules predicating the availability of appellate review on objection to the magistrate's recommendation. Thomas v. Arn, --- U.S. ----, 54 U.S.L.W. 4032 (Dec. 4, 1985). As McNeil was properly warned, and yet failed to file objections, he has waived his right to appellate review for the claims considered by the magistrate.
 
 
 10
 Before referring claims 3 and 4 to the magistrate, the district court granted summary judgment for the defendants on McNeil's claim of inadequate medical care and his claim that he received excessive punishment for altering state property. We find no merit in either of these claims. McNeil states in his affidavit that he was escorted to the infirmary after the incident in which he sustained his injuries. At that time, he refused medical care. Some time later that day, he was taken to the hospital and he received stitches. Such treatment clearly does not evidence any deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 11
 This court must uphold the administrative decision of a prison disciplinary board unless it is arbitrary, capricious or unsupported by the evidence. Kelly v. Cooper, 502 F.Supp. 1371, 1376 (E.D.Va., 1980); Gibbs v. King, 779 F.2d 1040, 1045 (5th Cir.1986), cert. denied, --- U.S. ----, 54 U.S.L.W. 3761 (May 19, 1986) (finding must be supported by "some facts" or "any evidence at all"). McNeil admits that he "let" the plate of food drop to the floor, which was the crux of the incident for which he was punished. He received a sentence that was authorized by Division Guidelines. We find no error in the district court's judgment.
 
 
 12
 Accordingly, we affirm the judgment below on all McNeil's claims. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument and affirm the judgment below.
 
 
 13
 AFFIRMED.