**The FLAGSHIP GROUP, LTD., Plaintiff,**

v.

**PENINSULA CRUISE, INC., Defendant.**

**Civ. A. No. 91–71–N.**

United States District Court, E.D. Virginia, Norfolk Division.

Sept. 4, 1991.

R. John Barrett, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for Flagship Group, Ltd.

Richard S. Gordon, Frank, Gordon & Heath, P.C., Newport News, Va., for Peninsula Cruise, Inc.

## ORDER

MacKENZIE, District Judge.

The Magistrate Judge's Report and Recommendations, dated June 12, 1991, is hereby APPROVED AND ADOPTED and the Motion for Partial Summary Judgment of The Flagship Group, Ltd. is GRANTED and the Motion for Partial Summary Judgment of Peninsula Cruise, Inc. is DENIED.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

TOMMY E. MILLER, United States Magistrate Judge.

This maritime case was initiated on February 4, 1991 by a Complaint for Declaratory Relief filed under 28 U.S.C. § 2201 by the Flagship Group, Ltd. against Peninsula Cruise, Inc. Plaintiff Flagship is an insurance broker in Newport News, and defendant Peninsula operates the cruise ships Harbor Town Lady, Harbor Town Lady II and Harbor Town Lady III, also out of Newport News. The action seeks a declaration from the Court that Flagship has a valid maritime lien against Peninsula's three cruise ships for $6,225.62 in alleged unpaid insurance premiums, and also seeks monetary damages in that amount.

On March 5, 1991, Peninsula filed a counterclaim against Flagship alleging damages of $16,413.00. Also on that date, Peninsula filed a Motion for Partial Summary Judgment asking the Court to dismiss Flagship's maritime lien claim on grounds that such a lien is not available for unpaid insurance premiums under 46 U.S.C. § 3101 *et seq.* On March 22, 1991, Flagship filed its own Motion for Partial Summary Judgment asking the Court to declare that a maritime lien is in fact available.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 29 of the Rules of the United States District Court for the Eastern District of Virginia, both partial summary judgment motions were referred to the undersigned United States Magistrate Judge by Order of Reference dated May 29, 1991. The Court heard oral argument on June 7, 1991. Based on the following analysis, the Court recommends that Peninsula's Motion for Partial Summary Judgment be DENIED, and that Flagship's Motion for Partial Summary Judgment be GRANTED.

## A. STATEMENT OF THE CASE

The underlying dispute in this action involves hull and protection and indemnity (P & I) insurance coverage provided through Flagship for Peninsula's three cruise ships from July 7, 1990 to September 21, 1990. While the parties agree that insurance coverage was in effect during that time, their versions of how the policies were procured and why they were cancelled conflict in a number of significant respects. Peninsula claims it was given a firm quote from Flagship as to what the insurance would cost, and that it proceeded on that basis to cancel existing policies. Sometime later, according to Peninsula, Flagship came back

demanding a higher premium, which Peninsula in turn refused to accept. The policies were cancelled as a result, Peninsula claims, forcing the cruise ship operator to obtain more expensive coverage elsewhere. This alleged $16,413.00 difference in premium costs is the basis of Peninsula's counterclaim. (*See:* Peninsula Counterclaim, pp. 1–3).

For its part, Flagship acknowledges that the insurance charges it initially quoted Peninsula were subsequently increased, but only after an underwriter cancelled Peninsula's policies forcing Flagship to locate a new carrier. Flagship states further that the first carrier cancelled Peninsula specifically because the cruise ship operator had failed to provide accurate loss information, and that Peninsula on September 6, 1990 agreed to a replacement policy and increase in premiums. (*See:* Flagship Answer to Counterclaim, p. 2). Flagship therefore claims it is entitled to reimbursement of $6,225.62 it advanced in behalf of Peninsula for the first policy (an $8,225.62 premium minus a $2,000 deposit made by Peninsula)—and to a maritime lien on Peninsula's vessels to secure that payment. Whether a maritime lien can attach under these circumstances is the sole issue in the motions before this Court.

## B. SUMMARY JUDGMENT STANDARD

As set forth in Federal Rule of Civil Procedure 56, summary judgment is appropriate where the moving party can show by affidavits, admissions, stipulations, answers to interrogatories, or other evidence that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment in his favor as a matter of law. Fed.R.Civ.P. 56(c). The Supreme Court has stated that Rule 56 mandates summary judgment against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S.

317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## C. FINDINGS OF FACT AND CONCLUSIONS OF LAW

As both parties note, 46 U.S.C. § 31329 declares that "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner … has a maritime lien on the vessel." As both parties also note, 46 U.S.C. § 31301(4) defines "necessaries" to include "repairs, supplies, towage, and the use of a dry dock or marine railway."

The question is, then, whether insurance is a "necessary" as defined by the statute. Flagship, of course, contends that it is, citing the Fifth Circuit case of *Equilease Corp. v. M/V Sampson,* 793 F.2d 598 (1986). Peninsula, on the other hand, argues that it is not, citing the Sixth Circuit case of *Grow v. Steel Gas Screw Loraine K,* 310 F.2d 547 (1962). Given the recent trend toward including as necessaries "not merely those things incorporated into the vessel or used on board which are absolutely essential to her existence or preservation, but also those things that a careful and provident owner would provide to enable her to perform well the functions for which, as a maritime agent, she has been designed and engaged,"[1] the Court finds that Flagship—and the Fifth Circuit—offer the more persuasive argument.

As the Fifth Circuit recognized in *Equilease,* earlier holdings that insurance payments did not give rise to maritime liens were based on what would now be seen as somewhat outmoded views of the nature of insurance for seagoing vessels. In the past,

> an insurance policy on a ship was viewed as a contract for the personal indemnity of the insured ship's owner. Under this reasoning, no lien against the ship could possibly arise as the result of an insurance policy; "unless the ship is benefitted, the ship should not pay."

*Equilease,* 793 F.2d at 604 (citations omitted). But, as the *Equilease* court continued,

---

1. *Benedict on Admiralty,* § 35 at 3–27, cited in Plaintiff's Memorandum in Support, p. 3.

It is no longer appropriate ... to view maritime insurance this way. Even a vessel that simply sits at a dock without making any attempt to ply the waters must today have hull protection and indemnity insurance ... insurance is something that every vessel today needs just to carry on its normal business.

*Id.* In other words, as Flagship asserts, "modern day business realities make marine insurance for a cruise boat as much a necessary as an anchor or propeller." (*See:* Plaintiff's Memorandum in Support, p. 4).

As stated earlier, Peninsula relies heavily on *Grow v. Steel Gas Screw Loraine K,* 310 F.2d 547 (6th Cir.1962) in support of its position that there is no federal maritime lien for insurance premiums. Indeed, that is precisely and solely what the *Grow* court said in granting the plaintiff insurance broker a lien under state law, offering no further explanation. Accordingly, this Court finds *Grow* of little value in analyzing the issue before it, and like the *Equilease* court, holds "that because insurance is essential to keep a vessel in commerce, insurance is a 'necessary' under (46 U.S.C. § 31329) ..." *Equilease,* 793 F.2d at 604. Unpaid insurance premiums give rise to a maritime lien under the Federal Maritime Lien Act.

In holding thusly, the Court notes that it is elaborating on precedent set June 5, 1991 by United States District Court Judge Robert G. Doumar in the case of *Norfolk Shipbuilding and Drydock Corporation v. M/V Sequoia and the Presidential Yacht Club,* 774 F.Supp. 384 (E.D.Va.1991). A Judgment Order entered on that date stated in pertinent part:

The Court had indicated at trial that it would consider a request that premiums paid for insurance on the Sequoia would be included in the lien against the vessel. Plaintiff provided authority on this point, and the Court GRANTS the request.

*Id.* at 3.

## C. RECOMMENDATION

Because there are no genuine issues of material fact in contention as to whether unpaid insurance premiums give rise to a federal maritime lien under the FMLA, it is recommended that Peninsula's Motion for Partial Summary Judgment be DENIED and that Flagship's Motion for Partial Summary Judgment be GRANTED.

## D. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within 10 days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Carr v. Hutto,* 737 F.2d 433 (4th Cir.1984), *cert. denied,* 474 U.S. 1019, 106 S.Ct. 567, 88 L.Ed.2d 552 (1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir.), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Norfolk, Va.

June 12, 1991.