**HOPEMAN BROTHERS, INC., Plaintiff,**

v.

**USNS CONCORD, her engines, tackle, etc., in rem, and United States of America, as owner of USNS Concord, in personam, Defendants.**

**Civ. A. No. 2:95cv91.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Sept. 6, 1995.

Mark T. Coberly, Howard W. Roth, III, Vandeventer, Black, Meredith & Martin, L.L.P., Norfolk, VA, for plaintiff.

David V. Hutchinson, Chief, Admiralty and Maritime Law Staff, United States Department of Justice, Washington, DC, for defendant.

### ORDER

REBECCA BEACH SMITH, District Judge.

This matter came before the Court on Defendant United States' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, filed March 20, 1995. Pursuant to 28 U.S.C. § 636(b)(1)(B) the matter was referred to United States Magistrate Judge William T. Prince by order dated June 12, 1995, for hearing and recommendation for the disposition of the motion. A hearing was held on June 21, 1995, and the Magistrate Judge's Report and Recommendation, which recommends that Defendant's motion to dismiss be granted, was filed July 24, 1995.

By copy of the Magistrate Judge's Report and Recommendation, the parties were advised of their right to file written objections to the report within 10 days from the date the report was mailed. The Court has received no objections from either party and the time for filing objections has expired.

The Court does hereby adopt and approve in full the findings and recommendations set forth in the Report and Recommendation of the United States Magistrate Judge filed July 24, 1995. Accordingly it is ORDERED

that Defendant United States' Motion to Dismiss is hereby GRANTED.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

PRINCE, United States Magistrate Judge.

#### I. *Order of Designation*

Senior United States District Judge John A. MacKenzie, by an Order entered June 9, 1995, pursuant to 28 U.S.C. § 636(b)(1)(B), designated the undersigned Magistrate Judge to conduct a hearing and to submit to a Judge of the Court proposed recommendations for disposition by the Judge of defendant United States' ["defendant"] Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, filed March 20, 1995.

The Court held a hearing on June 21, 1995, at which Mark T. Coberly, Esquire and Howard W. Roth, III, Esquire appeared on behalf of plaintiff; and David V. Hutchinson, Esquire, appeared on behalf of defendant.

#### II. *Nature of the Case*

Defendant entered into a contract with the Jonathan Corporation to overhaul and repair the USNS CONCORD. In turn, Jonathan entered into a subcontract with plaintiff as the supplier of furnishings for the vessel. Plaintiff alleges that it is still owed $317,-823.78 for its performance of the subcontract, and brings this action under the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–52 (West 1975 & Supp.1995), Public Vessels Act, 46 U.S.C.A. §§ 781–90 (West 1975 and Supp. 1995), and Maritime and Commercial Instruments Liens Act ["MCILA"], 46 U.S.C.A. §§ 31301–43 (West 1995). Plaintiff alleges that it has a maritime lien against the USNS CONCORD for the necessaries furnished, and brings this action *in personam* to enforce the *in rem* claim.

#### III. *Discussion*

The parties do not dispute that the CONCORD is a public vessel of the United States, as defined in 46 U.S.C.A. § 30101(3) (West

1995), or that plaintiff provided necessaries, as defined in 46 U.S.C.A. § 31301(4) (West 1995). The question is whether Congress has completely barred the imposition of maritime liens on public vessels with the following language of the MCILA:

> (a) Except as provided in subsection (b) of this section, a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner—
>
> > (1) has a maritime lien on the vessel;
> >
> > (2) may bring a civil action in rem to enforce the lien; and
> >
> > (3) is not required to allege or prove in the action that credit was given to the vessel.
>
> (b) This section does not apply to a public vessel.

*Id.* at § 31342.[1] This issue has been decided by several district courts, but by only one circuit court, whose conclusions have created considerable controversy. The Fourth Circuit has not addressed the question, and, to the Court's knowledge, the only district court in this circuit to confront the problem did so in an unpublished opinion.

In *Bonanni Ship Supply, Inc. v. United States*, 959 F.2d 1558 (11th Cir.1992), the court "determined first, that Congress did not intend to effect a change in the substantive law regarding maritime liens when it enacted the MCILA, and, second, that prior to the enactment of the MCILA, th[e Eleventh] [C]ircuit permitted imposing a maritime lien on a public vessel under existing maritime law." *Turecamo of Savannah, Inc. v. United States*, 36 F.3d 1083, 1085 (11th Cir.1994). Recognizing that "the clear desire of Congress [was] to exempt public vessels from coverage under the maritime lien provisions of the MCILA," *Bonanni*, 959 F.2d at 1564 n. 11, the court nonetheless allowed the imposition of a maritime lien on a public vessel by a plaintiff suing the United States *in personam* under *in rem* principles. *Bonanni*, 959 F.2d at 1563–64.[2] *Turecamo*

---

1. § 31342 was amended in 1989 to add subsection (b), and to change subsection (a) from the following wording:

    (a) A person providing necessaries to a vessel (except a public vessel) on the order of a person listed in section 31341 of this title—

2. The court based its decision on its interpreta-

backed off from this approach significantly. While affirming the district court's decision to grant summary judgment in favor of a plaintiff asserting a lien on a public vessel, the court stated that its rule "may be appropriate for en banc reconsideration" for several reasons. *Turecamo,* 36 F.3d at 1087–88. Among the court's concerns was the fact that "it is inappropriate to second-guess Congress' view of existing law." *Id.*

The Court is not persuaded by the Eleventh Circuit's approach in *Bonanni,* but is swayed by *Turecamo*'s considerations and the decisions of several district courts, including the District of Maryland. *See Sipco Servs. & Marine, Inc. v. Bethlehem Steel Corp.,* Civil No. S 94–2529 (D.Md. Feb. 10, 1995); *Pactherm, Inc. v. United States,* Nos. 92–5022, 93–0990, 1994 WL 327334 (N.D.Cal. June 13, 1994); *E.J. Bartells Co. v. Northwest Marine, Inc.,* 1994 A.M.C. 1057, 1994 WL 476189 (W.D.Wash.1994); *I.T.O. Corp. v. United States,* 1990 A.M.C. 1439, 1990 WL 129200 (S.D.Tex.1990); *see also Triton Container Int'l Ltd. v. M/S ITAPAGE,* 774 F.Supp. 1349, 1350 (M.D.Fla.1990) (" 'public vessels' are specifically excluded from the creation of a maritime lien," followed by a discussion of the definition of public vessel).

A simple rule of statutory construction is dispositive. "When [the Court] find[s] the language of a statute unambiguous, judicial inquiry is complete except in rare and exceptional circumstances[,] . . . where the application of the statute as written will produce a result 'demonstrably at odds with the intentions of its drafters.' " *Demarest v. Manspeaker,* 498 U.S. 184, 190–91, 111 S.Ct. 599, 604, 112 L.Ed.2d 608 (1991) (quoting *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982); citations omitted). Section 31342 could not be more unambiguous. The Con-

gressional Record demonstrates at one point that the 1989 amendment was meant "to clarify once and for all the fact that a claim may not be brought either in personal [sic] or in rem on a maritime lien theory against a public vessel," 135 Cong.Rec. H9184 (daily ed. Nov. 20, 1989) (statement of Rep. Davis), and states at another point that the amendment "simply makes more explicit the long established rule of law prohibiting maritime liens against public vessels," *id.* at H9308 (daily ed. Nov. 21, 1989) (statement of Rep. Tauzin). This Court's interpretation of the plain language of the statute is clearly not different from the drafters' design, and the Court will not look any further. Therefore, a discussion of whether the Fourth Circuit permitted this type of lien before the MCILA would be overreaching.

The Eleventh Circuit's explanation of its departure from the obvious interpretation, that Congress misunderstood the state of the law at the time of the enactment of § 31342, is not convincing. "[T]he relevant inquiry is not whether Congress correctly perceived the then state of the law, but rather what its perception of the state of the law was." *Brown v. General Servs. Admin.,* 425 U.S. 820, 828, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976). Plaintiff is not allowed to impose a maritime lien on defendant's public vessel, and this action should be DISMISSED.[3]

### IV. *Recommendation*

For the reasons stated, it is recommended that defendant's Motion to Dismiss be GRANTED, and the action DISMISSED.

### V. *Directions for Mailing and Review Procedures*

The Clerk shall mail copies of this Report and Recommendation to counsel of record. By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

---

tion of the law in *Stevens Tech. Servs., Inc. v. United States,* 913 F.2d 1521 (11th Cir.1990), and *Marine Coatings of Alabama, Inc. v. United States,* 932 F.2d 1370 (11th Cir.1991).

**3.** The most appropriate dismissal in this case is under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Martin*

*Marietta Corp. v. International Telecomms. Satellite Org.,* 991 F.2d 94 (4th Cir.1993). The claim should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of the claims which would entitle the plaintiff to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985); *cf. Bruce v. Riddle,* 631 F.2d 272, 273–74 (4th Cir.1980).

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing recommendation within ten (10) days from the date of mailing of this report to the objecting party (*see* 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specific recommendation to which objection is made.

The parties are further notified that failure to file timely objections to the recommendation set forth above will result in waiver of right to appeal from a judgment of this court based on such recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins,* 766 F.2d 841, 846 (4th Cir.1985) (quoting *Carr v. Hutto,* 737 F.2d 433, 434 (4th Cir.1984), *cert. denied,* 474 U.S. 1019, 106 S.Ct. 567, 88 L.Ed.2d 552 (1985)); *United States v. Schronce,* 727 F.2d 91 (4th Cir.), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).

Norfolk, Virginia

July 24, 1995