**Barbara HALLOWAY, Plaintiff,**

v.

**Fred G. BASHARA, Defendant and Third–Party Plaintiff,**

**Steven W. Parish, John A. Blais and Alma Orive, Third–Party Defendants.**

No. 2:97CV180.

United States District Court, E.D. Virginia, Norfolk Division.

Oct. 1, 1997.

Morton H. Clark, Vandeventer, Black, Meredith & Martin, L.L.P., Norfolk, VA, for Plaintiff.

Brian P. Flanagan, Dawn M. Peters, Flanagan & Hunter, P.C., Boston, MA, for Defendant and Third–Party Plaintiff.

Philip N. Davey, Davey Associates, P.C., Norfolk, VA, for Third–Party Defendants.

## OPINION AND ORDER

MORGAN, District Judge.

### Facts & Procedural History

On February 14, 1997, Barbara Halloway ("Halloway" or "plaintiff") filed an admiralty claim against Fred O. Bashara ("Bashara" or "defendant" or "third-party plaintiff") pursuant to Fed.R.Civ.P.9(h). Halloway alleged she was a crew member aboard the S/V STAR DANCER when it was struck by the S/V BANYAN DAYS while competing in a race organized by the Cruising Club of Virginia on July 16, 1994. She claims that defendant, who was the owner and operator of the BANYAN DAYS, was negligent which

caused the collision and her resulting injuries and damages. On April 2, 1997, defendant filed a third-party complaint against Steven W. Parish, the helmsman of STAR DANCER, John A. Blais, the master or person in charge of STAR DANCER, and Alma Orive, the owner of STAR DANCER (collectively the "third-party defendants"). Bashara alleges that the collision was wholly or partially the result of the third-party defendants' acts and omissions. Third-party plaintiff further sought contribution or indemnity from the third-party defendants.

On April 28, 1997, the third-party defendants filed a motion to dismiss the third-party complaint, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. They filed unverified exhibits in support of this motion. On May 9, 1997, third-party plaintiff filed an opposition to the motion to dismiss which was accompanied by unverified exhibits as well as another exhibit filed at the hearing. Third-party defendants replied on May 16, 1997. After hearing oral arguments and reviewing all submitted memoranda, United States Magistrate Judge William T. Prince issued a Report and Recommendation on August 1, 1997. The Magistrate Judge recommended that the motion to dismiss be converted to a summary judgment pursuant to Fed.R.Civ.P. 56. Further, the judge denied the motion by giving three reasons. First, the judge held that the protest committee's decision upon which the third-party defendants' motion is premised was not actually final as claimed, but was in fact on appeal. Second, the judge held that there was a genuine issue of material fact in regard to the interpretation of the new International Yacht Racing Regulations ("IYRR").[1] Finally, the Judge found that it is the third-party plaintiff's right to tender the third-party defendants as impleaded defendants regardless of the merits of the third-party defendants' argument on the contractually binding nature of the IYRRs.

### Standard of Review

The Federal Magistrate's Act provides that a "judge of the [district] court shall make a de novo determination of those portions of the report, or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *United States v. George,* 971 F.2d 1113, 1117 (4th Cir.1992). In the absence of any objection by the parties, the district court is not obligated to make any explanation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983); *see also Thomas v. Arn,* 474 U.S. 140, 151, 106 S.Ct. 466, 473, 88 L.Ed.2d 435 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Summers v. State of Utah,* 927 F.2d 1165, 1167 (10th Cir.1991) ("[T]he district court is accorded considerable discretion with respect to the treatment of unchallenged magistrate reports. In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). Where a court conducts a *de novo* review, the district court should reexamine all relevant evidence previously reviewed by the magistrate judge to determine whether any particular findings of fact raised in the objections are supported by "substantial evidence." 42 U.S.C. § 405(g); *Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir.1987); *see also Richardson v. Perales.,* 402 U.S. 389, 390, 91 S.Ct. 1420, 1422, 28 L.Ed.2d 842 (1971). In those circumstances, the magistrate judge's report and recommendation carries no presumptive weight, and the district court may accept, reject or modify the

---

1. The old IYRR provides that participants in a race agree

    to accept the penalties imposed and other action taken in accordance with the rules, subject to the appeal and review procedures provided in them, as the final determination of any matter arising under the rules; and [ ] with respect to such determination, not to resort to any court or tribunal not provided by the rules.

However, there was a new U.S. Prescription to the IYRRs regarding liability which became effective on July 14, 1994, two days before the race. The Prescription was intended to "clarify that U.S. Sailing judges were not to determine liability." The new Prescription included the statement that "(a) A yacht that retires from a race or accepts a penalty does not, by that action alone, admit liability for damages." Judge Prince found that there was a genuine issue of material fact concerning the interpretation of this addition to the IYRRs which precluded summary judgment.

report, in whole or in part, and may recommit the matter to the magistrate judge with instructions. *See Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).

### *Analysis*

Any party may file written objections to a Magistrate's Report and Recommendation within 10 days of mailing of the report as was indicated in the Report. *See* 28 U.S.C. § 636(b)(1)(C). More than 10 days have passed[2] and no party to this action has filed any objection to the Report.

The Court, having considered the issues in the report and recommendation, hereby **ADOPT** and **AFFIRM** the Magistrate Judge's Report and Recommendation **DENYING** third-party defendants motion to dismiss as converted to summary judgment pursuant to Fed.R.Civ.P. 56.

The Clerk is **REQUESTED** to send copies of this order to all counsel of record.

It is so **ORDERED.**

## *MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

PRINCE, United States Magistrate Judge.

### *Order of Designation*

On July 15, 1997, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Rule 72 of the Local Rules for the United States District Court for the Eastern District of Virginia, an Order was entered by United States District Judge John A. MacKenzie designating the undersigned Magistrate Judge to conduct a hearing and to submit to a judge of the Court proposed recommendations for disposition by the judge of the Motion To Dismiss filed by third-party defendants Steven W. Parish, John Blais, and Alma Orive. The Court held a hearing on July 16, 1997, at which Morton H. Clark, Esq. appeared on behalf of plaintiff; Brian P. Flanagan, Esq. and Dawn M. Peters, Esq. appeared on behalf of defendant and third-party plaintiff; and Philip N. Da-

vey, Esq. appeared on behalf of third-party defendants. The hearing was reported by Sue Ash, Official Court Reporter.

### *Nature of the Case*

A complaint was filed by Barbara Halloway ("plaintiff") against Fred G. Bashara ("defendant" or "third-party plaintiff") as an admiralty claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.[1] Plaintiff alleged that on July 16, 1994, she was a crew member aboard the S/V STAR DANCER when it was struck in the stern by the S/V BANYAN DAYS, as a result of the negligence and fault of defendant, who was the owner and operator of the latter vessel. Plaintiff alleged that she suffered injuries and damages as a result of the collision. The sailing vessels were competing in a race organized by the Cruising Club of Virginia, and subject to race rules which defendant allegedly violated. There were no allegations of negligence or fault against BANYAN DAYS.

Defendant filed an answer denying all fault, alleging that plaintiff was negligent, that acts or omissions of third-parties caused the collision, and that the collision was the result of inscrutable fault. Defendant also filed a third-party complaint, pursuant to Fed.R.Civ.P. 14(c), against Steven W. Parish, the helmsman of STAR DANCER, John A. Blais, the master or person in charge of STAR DANCER, and Alma Orive, the owner of STAR DANCER, alleging that their negligent acts or omissions wholly or partially caused the collision. In three separate counts of the third-party complaint, third-party plaintiff seeks contribution or indemnity from third-party defendants Orive, Blais, and Parish. In the prayer of the third-party complaint, defendant includes a prayer for judgment against third-party defendants in favor of plaintiff.

Third-party defendants filed a motion to dismiss the third-party complaint, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. Their motion was supported by unverified exhibits. Rule 12(b)(6) provides that "if mat-

---

**2.** Actually, a month and a half has passed.

**1.** Paragraph 3 of the complaint refers to Rule 9(h) of the Supplemental Rules of Civil Procedure

ters outside the pleading are presented to and not precluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Third-party plaintiff offered no objection to the exhibits attached to the motion to dismiss, but met them head-on in his memorandum in opposition, and in fact, filed unverified exhibits in rebuttal and another at the hearing. Third-party defendants offered no objection to those exhibits. Accordingly, the matters outside the pleading are not precluded, and the motion to dismiss will be treated as one for summary judgment. However, Rule 12(b)(6) provides that all parties shall be given an opportunity to present other pertinent material for consideration, and third-party plaintiff has identified such material that is not now available, but is anticipated soon.[2]

### Motion to Dismiss/Summary Judgment

The motion to dismiss asserts that the collision of the sailing vessels occurred during a race sanctioned by the Chesapeake Bay Yacht Racing Association ("CBYRA") of which the participants were members, and was governed by the 1993–1996 International Yacht Racing Regulations ("IYRR") with U.S. Sailing Prescriptions. Following the collision, a protest to BANYAN DAYS' actions (third-party plaintiff's vessel) was filed by STAR DANCER. The protest was heard in due course and the protest committee concluded that BANYAN DAYS violated a racing rule, and it was disqualified. Subsequently, the CBYRA Rules and Appeals Committee affirmed the decision of the protest committee. That decision has been appealed to the United States Sailing Association, and the parties suggested that its decision is expected by September.

Laying aside the pending appeal to the U.S. Sailing Association, STAR DANCER'S crew asserts that the decision of the protest

committee, which was affirmed by the CBY-RA appeals committee, is binding on BAN-YAN DAYS, and is dispositive of third-party plaintiff's claim for contribution or indemnity. The IYRR provide that participants in a race agree

> to accept the penalties imposed and other action taken in accordance with the rules, subject to the appeal and review procedures provided in them, as the final determination of any matter arising under the rules; and [ ] with respect to such determination, not to resort to any court or tribunal not provided by the rules.

Third-party defendants argue, therefore, that the affirmed decision that BANYAN DAYS had violated a racing rule and was disqualified precludes the claim for contribution or indemnity.[3]

### Discussion

■ For reasons to be stated hereafter, the Court will not opine at length on the merits of the motion to dismiss as presented by third-party defendants. There is very little case law on the subject, but the Court adopts the reasoning of the Court of Appeals for the First Circuit in *Juno SRL v. S/V ENDEAVOuR,* 58 F.3d 1 (1st Cir.1995), that the participants in the race "were contractually bound to race by the rules of the road contained in the IYRRs, and to resolve issues related to fault for any collisions according to those rules." *Id.* at 6. In reaching its decision, the First Circuit stated:

> The cases that we have found, however, are helpful to the extent that they establish the principle—with which we are in full accord—that when one voluntarily enters a yacht race for which published sailing instructions set out the conditions of participation, a private contract results between the participants requiring their compliance therewith. *See De Sole v. United States,* 947 F.2d 1169, 1173 (4th Cir.1991) . . .

---

2. This is a final decision of the appeal of the Race Protest Committee, which will be discussed later.

3. Third-party defendants concede that if the appeal to the U.S. Sailing Association sets aside the decision of the protest committee, then their motion to dismiss would have no merit.

Accordingly, the court in *Juno* reversed the district court for going beyond the findings of the international jury in the assignment of fault and concluded that the findings of the racing forum were final and binding on the parties.

If this was the only issue to be decided on this reference, the Court would recommend that the third-party complaint be dismissed. But as stated, there is an appeal pending which could make the motion moot, and the decision on appeal is expected soon. That alone would preclude recommending granting the motion. Of equal import, however, is the fact that at the hearing, third-party plaintiff filed his Exhibit 1, a letter from Clay Mock, Chair of U.S. Sailing Association Legal Committee, stating that a new U.S. Prescription to the IYRRs regarding liability, which became effective on July 14, 1994, two days before the race involving BANYAN DAYS and STAR DANCER, was intended "to clarify that U.S. Sailing judges were not to determine liability." An attached copy of the new prescription included "(a) A yacht that retires from a race or accepts a penalty does not, by that action alone, admit liability for damages." Because the submission of unauthenticated documents has been without objection, turning the motion to dismiss into one for summary judgment, the Court finds that there are genuine issues of material fact concerning the interpretation of the IYRRs that preclude summary judgment.

The major issue, however, has become something entirely different. Would Fed. R.Civ.P. 14(c) preclude granting the motion to dismiss/motion for summary judgment even if there were no pending appeal of the protest committee findings,.or even if there were no unresolved issues of material fact?

### *Rule 14 (c)*

At oral argument, third-party plaintiff asserted that his claim, brought pursuant to Fed.R.Civ.P. 14(c) [4], brought third-party defendants in as direct defendants to plaintiff's complaint, so that his claim can not be dismissed.[5]

In *United States v. Isco, Inc.*, 463 F.Supp. 1293 (E.D.Wis.1979), the United States brought suit against Isco in admiralty to recover damages for cargo loss. The defendant filed a third-party complaint against Skibs pursuant to Rule 14(c). Isco then applied to have its third-party complaint dismissed.[6] The United States contended that the third-party complaint, filed pursuant to Rule 14(c), had the effect of making Skibs a defendant as though it had been sued directly by the United States. The court agreed, and held that Skibs could not be voluntarily dismissed without the consent of the United States. *See also, Ohio River Company v. Continental Grain Company*, 352 F.Supp. 505 (N.D.Ill.1972).

In *F.V. Capt. Wool, Inc. v. Wagner Maritime, Inc.*, 1996 WL 895461 (E.D.Va. Dec. 4, 1996), plaintiff sued defendants for damages caused by faulty anti-freeze preparations to plaintiff's boat. Defendants filed a third-party complaint pursuant to Rule 14(c), against Omni and Fletcher, alleging that plaintiff had contracted separately with them to do the anti-freeze preparations. Third-

4. Fed.R.Civ.P. 14(c) provides as follows:

Admiralty and Maritime Claims. When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or claimant, as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make any defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff.

5. This issue was raised obliquely, if at all, in third-party plaintiff's memorandum in opposition to the motion to dismiss, and it was not supported by argument or legal authority. That third-party defendants did not address the issue in their reply is not surprising.

6. This application was made to the clerk of court who dismissed the third-party complaint pursuant to Rules 41(a)(1)(i) and 41(c). It came before the court on motion of the United States to set aside the clerk's dismissal.

party plaintiffs demanded judgment against Omni and Fletcher in favor of plaintiff. Omni and Fletcher moved to dismiss the third-party complaint pursuant to Rule 12(b)(6), and exhibited a proposed order endorsed by plaintiff stating that there was no contract between plaintiff and third-party defendants. They argued that there were no allegations in the original complaint against them; that there were no contractual agreements between plaintiff and them; that defendants can not force plaintiff to litigate a non-existent claim against them; and that there was no duty owed by them to third-party plaintiff.

In denying Omni and Fletcher's motion to dismiss, Judge Morgan stated:

There does not have to be any relationship or duty between the third-party plaintiff and the third[-]party defendant. Nor does the third-party defendant have to be named in the plaintiff's complaint or other pleadings. Moreover, the plaintiff does not even have to enter any evidence against a third-party defendant to be awarded a judgment; the evidence may be entered by the third-party plaintiff.

... In this case, [third-party plaintiffs] have alleged that there was an agreement between the plaintiff and the third-party defendants and/or negligence on the part of the third-party defendants which create liability between the plaintiff and the third-party defendants. The Third–Party Complaint clearly states claims that [third-party plaintiffs] are allowed to assert in favor of the Plaintiff, Capt. Wool pursuant to Rule 14(c).

*F.V. Capt. Wool,* 1996 WL 895461 (citations omitted).[7]

**7.** Omni and Fletcher were represented by Philip N. Davey, Esq., who represents third-party defendants in this case.

**8.** In a law review article, "The Missing Direct–Tender Option In Federal Third–Party Practice: A Procedural and Jurisdictional Analysis," (68 N.C. L.Rev. 423), where the authors urge the adoption of the procedures of Rule 14(c) in all civil cases, they characterize this practice as "tendered-defendant impleader."

**9.** The Court received a message from Morton H. Clark, Esq., plaintiff's attorney, that on July 16, 1997, the third anniversary of the collision and

It is clearly third-party plaintiff's right to tender the crew of STAR DANCER as impleaded defendants.[8] That tender is made in the third-party complaint.[9] Even if the decision of the protest committee is binding on third-party plaintiff and precludes his denial of fault in the collision, whether it is binding on plaintiff, a participant in the race as a crew member, has not been asserted and will not be decided here.

### Conclusion

Therefore, the motion to dismiss, converted into a motion for summary judgment, should be denied on three grounds: 1) third-party defendants' motion is premised on the finality of the protest committee's decision, although it is on appeal; 2) there is a genuine issue of material fact as to the interpretation of the IYRRs; and 3) the third-party complaint is a valid "tendered-defendant impleader" regardless of the merits of third-party defendants' argument on the contractually binding nature of the IYRRs.[10]

### RECOMMENDATION

For the reasons stated, it is RECOMMENDED that third-party defendants' motion for summary judgment, filed as a motion to dismiss, be DENIED.

### Directions for Mailing and Review Procedures

The Clerk shall mail copies of this Report and Recommendation to counsel of record. By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

the day of the hearing of this motion at 11:00 a.m., he filed an action in the Circuit Court of the City of Portsmouth on behalf of plaintiff in this case against defendant in this case and third-party defendant in this case, John Blais.

**10.** During oral arguments, Brian P. Flanagan, Esq., counsel for third-party plaintiff, stated that as long as the third-party complaint stood as the vehicle for bringing in third-party defendants as direct defendants, third-party plaintiff would not have to rely upon the third-party complaint for contribution or indemnity.

214

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing recommendation within ten (10) days from the date of mailing of this report to the objecting party (*see* 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specific recommendation to which objection is made.

The parties are further notified that failure to file timely objections to the recommendation set forth above will result in waiver of right to appeal from a judgment of this court based on such recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins,* 766 F.2d 841, 846 (4th Cir.1985) (quoting *Carr v. Hutto,* 737 F.2d 433, 434 (4th Cir.1984), *cert. denied,* 474 U.S. 1019, 106 S.Ct. 567, 88 L.Ed.2d 552 (1985)); *United States v. Schronce,* 727 F.2d 91 (4th Cir.), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).

August 1, 1997.