**Arnold SNYDER, Plaintiff–Appellee,**

**and**

**Irene Snyder; Pennsylvania Association Manufacturing Group, Plaintiffs,**

**v.**

**Robert D. RIDENOUR, Defendant–Appellant,**

**and**

**Ivory, Inc., d/b/a Federal Systems, an Indiana corporation; Rose Marie Avery, Defendants.**

No. 88–2516.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 8, 1989.

Decided Nov. 24, 1989.

---

David Warren Skeen (Wright, Constable & Skeen, Phillips L. Goldsborough, III, Raymond G. Mullady, Jr., Smith, Somerville & Case, on brief), for defendant-appellant.

Robert Lee Hanley, Jr. (J. Earle Plumhoff, Nolan, Plumhoff & Williams, Chtd., on brief), for plaintiff-appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

WIDENER, Circuit Judge:

Appellant Robert Ridenour appeals from a $9,000,000 verdict awarded the appellee, Arnold Snyder, in a personal injury action stemming from a May 19, 1986 automobile accident in Indiana. We find no merit in Ridenour's contentions, and we affirm.

At the time of the accident, Snyder was a passenger in a car driven by Ridenour. Both Snyder and Ridenour were employees of Luskin's, Inc., and were acting within the scope of their employment when Ridenour's vehicle collided with a tractor-trailer owned by Ivory, Inc., and driven by Rose Marie Avery. Snyder was seriously injured in the accident and as a result is a paraplegic.

Snyder, a Maryland resident and an employee of Luskin's, a Maryland corporation, filed a claim under Maryland's Workers' Compensation Act. Ridenour, who was living in Indiana at the time of the accident, filed a claim under the Indiana Workers' Compensation Act. On July 18, 1986, Snyder filed this action based on diversity of citizenship against Avery and Ivory in the U.S. District Court for the District of Maryland. Snyder later filed an amended complaint, naming Ridenour as an additional defendant. The parties filed various pretrial motions, which the district judge referred to a magistrate for a report and recommendations. Among these motions were two summary judgment motions filed by Ridenour. One of these motions sought summary judgment against Snyder's claims against Ridenour on the grounds that Indiana's Workers' Compensation Act bars suits between co-employees for accidents arising out of and in the course of employment. Ridenour also moved for summary judgment on a cross-claim brought by defendants Avery and Ivory seeking indemnification and contribution for any damages. In this motion, Ridenour urged the court to find that Indiana continues to adhere to the doctrine of joint and several liability, despite adoption of a comparative negligence statute.

The magistrate recommended that Ridenour's summary judgment motion in defense against Snyder's claims be denied because the paramount interests of the State of Maryland compelled the application of Maryland law, and Maryland workers' compensation law does not bar suits among co-employees for injuries arising out of and in the course of employment. The magistrate recognized that since jurisdiction was based on diversity, the federal court must

apply the conflict of laws rules of the forum state. In tort cases, Maryland follows the doctrine of *lex loci delicti;* in workers' compensation cases, however, Maryland applies the law of the forum. Thus, the magistrate concluded that while Indiana law should apply in determining liability for the accident, it should not apply to bar Snyder's suit against Ridenour.

The magistrate also recommended that Ridenour's motion for summary judgment as to Avery and Ivory's cross-claim for contribution be granted, stating: "Although Indiana is a comparative negligence state, it continues to subscribe to the doctrine of joint and several liability." The magistrate stated, however, that one of Ridenour's cross-claims against Avery and Ivory, which contained similar claims for contribution and indemnification, should be denied on summary judgment, also.

When the magistrate's report and recommendations were filed with the court, a copy was mailed, via a letter from the magistrate and signed by the clerk, to counsel for each party along with this notice:

A copy of the Report and Recommendation of the United States Magistrate is enclosed. Any objections you wish to make thereto must be made in accordance with Federal Rule of Civil Procedure 72 (a copy of which is enclosed). *NOTE:* Failure to file timely objections to the findings and recommendations set forth in this Report and Recommendation may result in waiver of your right to appeal from a judgment of this court based on such findings and recommendations. Said objections must be received no later than February 23, 1988.

Attached to the letter from the clerk was a copy of Federal Rule of Civil Procedure 72, which states in pertinent part:

Within ten (10) days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may

respond to another party's objections within ten (10) days after being served with a copy thereof.

Defendants Avery and Ivory filed timely objections to portions of the magistrate's report; Ridenour did not file any objections. The district court subsequently affirmed the magistrate's report and recommendations.[1]

The case proceeded to trial. The jury returned a special verdict, finding defendants Avery and Ivory sixty percent at fault and Ridenour forty percent at fault. The jury awarded its verdict on damages in the amount of $9,000,000, which was apportioned in another part of the verdict. Avery and Ivory did not appeal and have settled with Snyder. Ridenour filed a timely notice of appeal.

Ridenour argues that the lower court committed four reversible errors in the case below. Ridenour contends that the court erred in failing to apply Indiana law barring a co-employee's suit and in concluding that the doctrine of joint and several liability survived the adoption of the Indiana comparative negligence statute. He also contends that the court erred in giving the jury the "sudden emergency" instruction and that the verdict for non-economic damages in excess of $4,300,000 was excessive and not based on sufficient evidence.

■ Although we believe the district court's decision is correct on the merits of the case, we do not reach the merits of the first two issues because Ridenour waived any right of appeal on these issues by failing to file timely objections to the magistrate's report with the district court. In *United States v. Schronce,* 727 F.2d 91 (4th Cir.), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984), we held that a party who failed to file written objections to a magistrate's report within the 10-day period allotted by the Magistrate's Act and Rule 72 had waived his right to appellate review of his claims. *Id.* at 94. See also *Praylow v. Martin,* 761 F.2d 179,

---

1. The district judge did not actually enter the order affirming the magistrate's recommendations until February 29, 1989, three days after the jury rendered its verdict in the case, but before the court entered final judgment in this case.

180 n. 1 (4th Cir.), *cert. denied,* 474 U.S. 1009, 106 S.Ct. 535, 88 L.Ed.2d 466 (1985); *United States v. Walters,* 638 F.2d 947, 949 (6th Cir.1981); *McCall v. Andrus,* 628 F.2d 1185, 1187 (9th Cir.1980), *cert. denied,* 450 U.S. 996, 101 S.Ct. 1700, 68 L.Ed.2d 197 (1981); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir.1982) (en banc) (Unit B), and *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

Ridenour concedes that under the Supreme Court's decision in *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), a party's failure to object to a magistrate's report may result in waiver of his right to appeal, but only if clear notice is given of the mandatory nature of the filing and of the consequences of failing to file objections. The notice attached to the magistrate's report in *Thomas* stated:

> ANY OBJECTIONS to the Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. . . .

By comparison, Ridenour's notice stated that failure to file objections within the 10–day period "may result in waiver of your rights." Ridenour argues that this notice speaks in permissive terms and, therefore, does not comply with the standard of *Thomas.*

We do not agree. The notice given Ridenour states that any objections must be filed by a given date and that failure to do so may waive his right to appeal. We view the difference in the language used, "waives" and "may result in waiver," as insignificant. *Carr v. Hutto,* 737 F.2d 433 (4th Cir.1984) (per curiam), *cert. denied,* 474 U.S. 1019, 106 S.Ct. 567, 88 L.Ed.2d 552 (1985), so held. *Carr* also held that the difference between "may serve" and "had 10 days to file" is of no legal consequence.

Accord: *Park Motor Mart, supra,* at 604. Since Ridenour did not object to the magistrate's recommendation, he has waived his right to appeal the merits of the court's order adopting the findings that Indiana's workers' compensation law should not apply or that joint and several liability survives in Indiana.[2]

Despite his failure to object to the magistrate's report, Ridenour contends that this court should reach the merits of these issues under the "fundamental error doctrine." Under this doctrine the court will consider issues raised for the first time on appeal "if the error is 'plain' and if our refusal to consider such would result in the denial of fundamental justice." *Stewart v. Hall,* 770 F.2d 1267, 1271 (4th Cir.1985). However, such error must be so serious and flagrant that it goes to the very integrity of the trial. 770 F.2d at 1271. That is not the case here.

Thus, we affirm the district court's ruling on these issues.

We also see no merit in Ridenour's remaining two arguments. Ample evidence was presented at trial to support the giving of the sudden emergency instruction offered by the defendants Avery and Ivory. See *Taylor v. Todd,* 439 N.E.2d 190, 193 (Ind.App.1982). We also believe that the amount of non-economic damages awarded by the jury is supported by substantial evidence in the record.

Accordingly, the judgment of the district court is

AFFIRMED.

---

**2.** As we observed earlier in this opinion, we do not see that the opinion of the district court in adopting the magistrate's report is incorrect on the merits, for application of Maryland workers' compensation law to a resident of Maryland who was injured while employed by a Maryland company, although the accident may have occurred in Indiana, is not a startling proposition. And not filing objections to the magistrate's report was apparently not inadvertent. Riden-

our, for example, in response to Ivory and Avery's objection to the magistrate's report, filed a studious memorandum which, indeed, urged adoption of the magistrate's holding that joint and several liability of tort feasors existed in Indiana, although Indiana had adopted the rule of comparative fault. It occurs to us that the objection now made to the magistrate's report may well be an afterthought, at best, by new counsel.