21 F.3d 424
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Laura E. STUART: William S. Stuart, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee,
v.
GEORGE WASHINGTON NATIONAL FOREST; Department of
Agriculture Forest Service, Defendants.
 No. 93-1739.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 8, 1994.
Decided March 11, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. James H. Michael, Jr., District Judge. (CA-92-141-H)
 Frank Anthony Mika, Waynesboro, for appellant.
 Richard Albert Lloret, Asst. U.S. Atty., Roanoke, for appellee.
 Morgan E. Scott, Jr., U.S. Atty., Roanoke, for appellee.
 W.D.Va.
 AFFIRMED.
 Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 This is an action for reformation of deed and to quiet title to certain land allegedly owned at one time by W.B. Stuart, father of Weldon Stuart, whose widow, Laura Stuart, and son, William Stuart are plaintiffs on appeal. The property at issue was inherited by Weldon Stuart who subsequently devised it to plaintiffs.
 
 
 2
 The controversy stems from events occurring in 1935 and 1936. At some time during 1935, W.B. Stuart petitioned the Circuit Court in Highland County, Virginia, to declare him the owner in fee simple of a 112-acre tract of land, and asked the court to rectify certain ambiguities in the description of courses and locations of the line between his property and property owned by a third party, Mr. Armstrong. On February 4, 1936, during the pendency of his action, W.B. Stuart died. On June 2, 1936, the Commonwealth executed a new grant for 66 acres to W.B. Stuart and his heirs and assigns, and by the same instrument, granted 172 acres to Armstrong, thereby ending the litigation. The deed stated that the Stuart grant was made in accordance with a land survey performed by John Bradshaw, described the property by metes and bounds, and set forth the respective acreage conveyed. These grants were recorded in the Circuit Court for Highland County on June 17, 1936. On August 11, 1936, Armstrong conveyed his tract to the United States, which was also recorded in the Circuit Court.
 
 
 3
 Plaintiffs contend that the Bradshaw survey was not used in preparing the grants to W.B. Stuart and Armstrong, and because a different survey was used, 48 acres which should have been granted to W.B. Stuart were instead granted to Armstrong. Weldon Stuart's suspicion that a survey other than the Bradshaw survey was used to prepare the grants of land to Stuart and Armstrong was based on information he discovered in September 1981, while negotiating a transfer of 23 acres of land. Weldon Stuart subsequently died and devised the property to his wife and son, who began to pursue this cause of action.
 
 
 4
 On September 24, 1992, plaintiffs filed a bill of complaint for reformation and to quiet title, which was removed from the Highland County Circuit Court to the district court. The United States filed a motion to dismiss, which was referred to the Magistrate Judge pursuant to 28 U.S.C. Sec. 636(b)(1)(B) (1988). In his report and recommendation, the Magistrate Judge held that W.B. Stuart's successors in title were placed on constructive notice of the result of his litigation and the recordation of the deed. Because W.B. Stuart's successors were on notice of the defect in the title, the Magistrate Judge held this action was barred by the applicable statute of limitations and granted the Government's motion to dismiss. Although the Magistrate Judge's report and recommendation advised the parties of Federal Rule of Civil Procedure 72(b), which requires parties to file any objections to Magistrate Judges' reports and recommendations within ten days, the Stuarts failed to file any objection, thereby waiving their right to appeal absent fundamental error. Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir.1989). The district court adopted the Magistrate Judge's report and recommendation in full. This appeal followed.
 
 
 5
 Upon consideration of the record, briefs, and oral argument, we find no fundamental error in the district court's adoption of the Magistrate Judge's report and recommendation, and affirm in full for the reasons stated therein. Stuart v. United States, C.A. 92-0141 (filed May 19, 1993).
 
 AFFIRMED