UNITED STATES of America, Plaintiff,

v.

John W. JOHNSON, Defendant.

Civil Action No. 87–0331–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

April 4, 1996.

Stephen U. Baer, Assistant U.S. Attorney, Roanoke, VA, for Plaintiff.

William P. Sheffield, Abingdon, VA, for Defendant.

## MEMORANDUM OPINION

KINSER, United States Magistrate Judge.

The United States of America ("Plaintiff") filed a motion to establish the manner of taking post-judgment discovery in order to secure a complete financial statement of John W. Johnson ("Defendant") in furtherance of executing the judgment entered in the underlying action on October 24, 1990. *See* 28 U.S.C. § 3015(a); Fed.R.Civ.P. 69(a). This case is before the court on Defendant's motion for summary judgment seeking to enjoin Plaintiff from enforcing the civil penalty judgment against Defendant or, in the alternative, to stay the enforcement proceeding pending the appeal of a case involving the same type of penalty from the Eastern District of Tennessee to the Sixth Circuit Court of Appeals.[1] Defendant alleges that the judgment which is the subject of the present enforcement proceeding violates his Fifth Amendment protection against double jeopardy. This court has original jurisdiction under 28 U.S.C. §§ 1345 and 1355. The case is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(2). For reasons stated hereinafter, the undersigned finds that Defendant's motion must be denied.

## FACTS

This court convicted Defendant under 18 U.S.C. §§ 1001 and 1002 for falsely representing burley tobacco as grown on farms which were not subject to the Agricultural Stabilization and Conservation Service's ("ASCS") marketing quotas and sentenced him to three years probation and a $10,000 fine on July 2, 1984. Two years later, the ASCS assessed a penalty of $9,048.28 based upon this same criminal conduct. On December 1, 1987, Plaintiff filed this civil action against Defendant to enforce that penalty. This court entered final judgment in the case in the amount of $6,901.10 plus legal interest on October 24, 1990. Defendant appealed that decision, and the Fourth Circuit Court of Appeals affirmed the judgment on May 26, 1992. At no time prior to this proceeding for enforcement of the October 24, 1990, judgment did Defendant raise a double jeopardy defense. Defendant now claims that the civil penalty violated his Fifth Amendment protection against double jeopardy and is therefore invalid.

## ANALYSIS

Defendant argues that the civil penalty underlying the judgment in question was assessed after his criminal conviction and was based upon the same activities as those which provided the factual basis for his criminal conviction. Defendant claims that he never explicitly waived his right to assert a double jeopardy defense and that the civil penalty consequently violates his double jeopardy rights. Defendant therefore seeks to enjoin Plaintiff's enforcement of the judgment stemming from the civil penalty. In the alternative, Defendant requests that the court reserve judgment on the issue until the Sixth Circuit rules on the government's appeal of *U.S. v. Martin*, No. 2:93–CV–317 (E.D.Tn. March 21, 1995).[2] Plaintiff asserts

---

1. Defendant raised this issue in a "Motion for Summary Judgment". Although the court does not believe that this is the proper style for the motion, the court will not dismiss Defendant's motion on that ground.

2. *Martin* addresses the issue of whether a civil penalty in a tobacco allotment violation case constitutes a violation of the double jeopardy clause. In that case, the district court found that the imposition of a marketing quota penalty by the ASCS subsequent to an individual's conviction for violating 18 U.S.C. §§ 1001 and 1002 constituted a violation of the Fifth Amendment's Double Jeopardy Clause when the conduct which formed the basis for the civil penalty also formed

**460**

that Defendant waived his right to assert the double jeopardy defense by failing to raise it during either the original civil action which resulted in the judgment or on appeal to the Fourth Circuit. Plaintiff argues that raising the double jeopardy defense at the post-judgment stage of the proceedings is, in effect, a day late and a dollar short.

In *U.S. v. Halper* the Supreme Court held that "under the Double Jeopardy Clause a defendant who already had been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." 490 U.S. 435, 449, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487 (1989). However, many federal circuits recognize a limitation on the right to assert the defense and deem the failure to raise the double jeopardy defense at trial an automatic waiver of the right to raise the defense in later proceedings. *U.S. v. Bascaro*, 742 F.2d 1335 (11th Cir.1984), *cert. denied*, 472 U.S. 1017, 105 S.Ct. 3476, 87 L.Ed.2d 613 (1985); *Paul v. Henderson*, 698 F.2d 589 (2nd Cir.1983), *cert. denied*, 464 U.S. 835, 104 S.Ct. 120, 78 L.Ed.2d 118 (1983); *U.S. v. Conley*, 503 F.2d 520 (8th Cir.1974); *Grogan v. U.S.*, 394 F.2d 287 (5th Cir.1967), *cert. denied*, 393 U.S. 830, 89 S.Ct. 97, 21 L.Ed.2d 100 (1968); *Haddad v. U.S.*, 349 F.2d 511 (9th Cir.1965), *cert. denied*, 382 U.S. 896, 86 S.Ct. 193, 15 L.Ed.2d 153 (1965).

The Fourth Circuit, however, has taken a more lenient approach than those circuits. As illustrated in *United States v. Jarvis*, 7 F.3d 404 (4th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1200, 127 L.Ed.2d 549 (1994), the Fourth Circuit distinguishes between waiver and forfeiture with regard to the double jeopardy defense.[3] In that case, Jarvis was first convicted in Florida on charges of conspiracy to distribute cocaine and was later convicted in Virginia on the same charges based in part upon the activities which supported the Florida conviction. Jarvis first raised his double jeopardy defense at the appellate level. The Fourth Circuit found that Fed.R.Crim.P. 12(b) requires that the double jeopardy defense "must be raised at some time in the proceedings before the district court on pain of forfeiture." *Id.* at 409. The court, therefore, found that Jarvis had forfeited his right to assert a double jeopardy defense. The court then relied upon Fed. R.Crim.P. 52(b) to conduct a review of the proceedings before the district court for plain error:

> Rule 52(b) ... provides us with a limited power to correct errors that were forfeited because not raised at some time during the proceedings before the district court.... [T]he authority created by Rule 52(b) is limited to "[p]lain errors or defects affecting substantial rights" that were not brought to the trial court's attention.... Rule 52(b) is to be applied "sparingly" and saves only "particularly egregious errors" in those circumstances "in which a miscarriage of justice would otherwise result." ... As the Supreme Court recently observed, Rule 52(b) "leaves the decision to correct the forfeited error within the sound discretion of the Court of Appeals, and the court should not exercise that discretion unless the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'"

*Id.* at 410 (citations omitted). The Fourth Circuit concluded that the Virginia prosecution violated the Double Jeopardy Clause and constituted plain error as it affected Jarvis' substantial rights. Consequently, the court vacated Jarvis' conspiracy conviction and remanded the case for resentencing.

---

the basis for the criminal conviction. That decision is now on appeal to the Sixth Circuit.

**3.** In *U.S. v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), the Supreme Court discussed the difference between waiver and forfeiture of rights in general terms. "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.' ... Mere forfeiture, as opposed to waiver, does not extinguish an 'error' under Rule 52(b).... If a legal rule was violated during the District Court proceedings, and if the defendant did not waive the rule, then there has been an 'error' within the meaning of Rule 52(b) despite the absence of a timely objection." *Id.* at 733–34, 113 S.Ct. at 1777 (citations omitted).

Unlike *Jarvis*, the action presently before the court involves a subsequent civil penalty, not a criminal prosecution. Therefore, *Jarvis'* Rule 52(b) analysis is not directly applicable to this civil case. The Fourth Circuit has, however, repeatedly conducted a similar analysis in civil cases in which an issue is raised for the first time on appeal. In *Stewart v. Hall*, 770 F.2d 1267 (4th Cir.1985), the court explained its position as follows:

> While it is true that we ordinarily will not consider issues raised for the first time on appeal, ... we have recognized that in very limited circumstances we may consider such an issue if the error is "plain" and if our refusal to consider such would result in the denial of fundamental justice.... Writing for the court in *Modave v. Long Island Jewish Medical Center*, 501 F.2d 1065 (2[n]d Cir.1974), Judge Friendly explained:
>
> > [T]he "plain error" phrase is found in F.R.Cr.P. 52, not in the civil rules. Except perhaps for errors that could not have been corrected on proper objection, the doctrine applicable in civil cases is the more limited one of "fundamental error," [citations omitted]—an error so serious and flagrant that it goes to the very integrity of the trial.

*Stewart*, 770 F.2d at 1271 (citations omitted); *accord Singer v. Dungan*, 45 F.3d 823 (4th Cir.1995); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir.1989); *National Wildlife Federation v. Hanson*, 859 F.2d 313 (4th Cir. 1988).

Additional guidance may be gleaned from a recent case in which the Tenth Circuit distinguished between the error analysis utilized in civil and criminal cases. *U.S. v. South Titan Court, Unit 9, Littleton, Colorado*, 75 F.3d 1470 (10th Cir.1996). In *South Titan*, the government sought the forfeiture of claimant's property subsequent to, and based upon the same conduct which resulted in, claimant's conviction. The Tenth Circuit found that claimant's failure to raise the double jeopardy defense at trial did not waive the defense but instead constituted a forfeiture of the defense. *Id.* at 1482. The court addressed the error analysis as follows:

> We have previously noted in a criminal case that a violation of double jeopardy "would surely be the type of 'plain error' which could be raised for the first time on appeal." ... Although there is no analogous federal "plain error" rule for civil cases, there are two reasons for applying a similar analysis here under the *Hicks* "manifest error" exception.[4] First, we have noted before that this court has discretion to review previously unraised, purely legal issues in the civil context.... Second, it would beg the question to predicate review on a distinction between civil and criminal actions when the distinction itself is at the heart of the case.

*Id.* at 1481–82 (footnote added). The court finds that *Jarvis*, *Stewart*, and *South Titan* direct that an appellate court could review a trial level forfeiture of the double jeopardy defense in a civil case using the fundamental or manifest[5] error analysis if the appellate court chose to do so.

Defendant in this case clearly forfeited his right to present a double jeopardy defense when he failed to raise the defense at the trial level. Unlike the petitioners in *Jarvis* and *South Titan*, Defendant also failed to raise the defense on appeal. In fact, Defendant did not raise the defense until after the Fourth Circuit affirmed the judgment and Plaintiff initiated post-judgment enforcement

---

**4.** In *Hicks v. Gates Rubber Co.*, 928 F.2d 966 (10th Cir.1991), the Tenth Circuit discussed exceptions to the general rule that "an appellate court will not consider an issue raised for the first time on appeal.... Exceptions to this rule are rare and generally limited to cases where the jurisdiction of a court to hear a case is questioned, sovereign immunity is raised, or when the appellate court feels it must resolve a question of law to prevent a miscarriage of justice. The failure to raise the issue with the trial court precludes review except for the most manifest error.... The need for finality in litigation and conservation of judicial resources counsels against exceptions." *Id.* at 970–71 (citations omitted).

**5.** "Manifest" is defined as "[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evident, and self-evident." Black's Law Dictionary 962 (6th ed. 1990).

proceedings. Although the Fourth Circuit has applied a more lenient approach than other circuits which view failure to raise the defense at trial as an automatic waiver, the finding of correctable forfeiture has been limited to the situation in which the petitioner raised the defense on appeal. Defendant has simply waited too long to raise the defense of double jeopardy.[6]

The rationales underlying the established legal doctrines of *res judicata* and *collateral estoppel* support the court's finding. Both doctrines further the goals of conserving judicial resources, ensuring finality of judicial decisions, barring vexatious litigation, preventing inconsistent decisions, and encouraging reliance on judicial findings. *See United States v. Stauffer Chemical Co.,* 464 U.S. 165, 104 S.Ct. 575, 78 L.Ed.2d 388 (1984); *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). In addition, both are "grounded on the theory that one litigant cannot unduly consume the time of the court at the expense of other litigants, and that, once the court has finally decided an issue, a litigant cannot demand that it be decided again." *U.S. v. Sioux Nation of Indians,* 448 U.S. 371, 433, 100 S.Ct. 2716, 2750, 65 L.Ed.2d 844 (1980) (citation omitted). In short, as the Tenth Circuit stated in *Hicks,* there must be a sense of finality in litigation at some point. If Defendant had raised the double jeopardy defense on appeal, the Fourth Circuit might have exercised its discretion to determine whether there was a double jeopardy violation and, if so, whether Defendant forfeited his right to raise it. Defendant did not raise the defense, however, until long after judgment for Plaintiff was affirmed and the enforcement proceeding was initiated. For this reason, the court finds that Defendant's request to enjoin the enforcement proceeding must be denied.

■ Defendant also requests alternative relief in the form of a stay of the enforcement proceeding pending the Sixth Circuit's

final ruling in *Martin.* The court finds that this request must also be denied. Even if the Sixth Circuit affirms *Martin* and finds that a civil tobacco allotment penalty which follows a criminal conviction and is based upon the same activities as the conviction constitutes a double·jeopardy violation, Defendant simply raised the double jeopardy defense too late in these proceedings. The petitioner in *Martin* did not even arguably forfeit his double jeopardy defense as he raised it at the district court level. Although the charges in both cases are the same, the positions of Defendant and the petitioner in *Martin* are vastly different.

## CONCLUSION

For the reasons stated above, the court concludes that Defendant forfeited his right to assert the double jeopardy defense by failing to do so at the trial level. In addition, the court finds that Defendant's failure to raise the defense prior to the initiation of the post-judgment enforcement proceeding bars him from asserting it at this point. The court will not stay the enforcement proceeding pending the Sixth Circuit's resolution of the *Martin* case as the outcome of that case will have no effect on the court's finding that Defendant waited too long to assert the double jeopardy defense in this case. Defendant's motion is denied.

An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion to all counsel of record.

---

**6.** This is not to say that there would never be an instance in which a party could successfully attack a judgment against himself/herself. There are several possible legitimate reasons to attack the validity of a judgment which has been entered against a party including lack of subject matter jurisdiction, fraud, corruption, duress, mistake, changed conditions and lack of capacity of the parties. Restatement, Second, Judgments §§ 69–73. However, equitable considerations such as lapse of time, failure to exercise reasonable diligence, and inequitable disturbance in reliance on the final judgment will function to limit or deny relief. *Id.* at § 74.