**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LINDA F. BOOTH,

Plaintiff-Appellant,

v.

HOECHST CELANESE CORPORATION;

No. 95-2868

AMALGAMATED CLOTHING AND
TEXTILE WORKERS UNION, AFL-CIO,
CLC,

Defendants-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Joseph F. Anderson, Jr., District Judge.
(CA-94-1524)

Submitted: April 30, 1997

Decided: June 24, 1997

Before HALL, MICHAEL, and MOTZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Mary P. Miles, Columbia, South Carolina, for Appellant; Linda F.
Booth, Appellant Pro Se. Herbert E. Buhl, III, Columbia, South Caro-
lina; David M. Prouty, UNITE, New York, New York; Glenn R.
Goodwin, OGLETREE, DEAKINS, NASH, SMOAK & STEWART,
L.L.P., Greenville, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Linda Booth seeks to appeal the district court's order dismissing her civil action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) to -17, 42 U.S.C. § 1981, 29 U.S.C. §§ 158(b), 159(a) of the Labor-Management Relations Act of 1947, and South Carolina common law against the Defendants, Hoechst Celanese and the Amalgamated Clothing & Textile Workers Union, alleging racial discrimination. The matter was referred to a magistrate judge.[1] The magistrate judge issued a report recommending that summary judgment be granted to the Defendants; however, the parties were not warned that they could waive appellate review by failing to object. Booth failed to object to the magistrate judge's report, and the district court adopted the report and granted summary judgment to Hoechst Celanese and the Amalgamated Clothing & Textile Workers Union. Booth now appeals the district court's order granting summary judgment.

While Booth asserts that the ends of justice would be served by hearing her appeal, this court's recent decision in Wells v. Shriners Hospital[2] is dispositive in this matter. Even when the parties have not been warned that the failure to object will waive appellate review, the timely filing of objections is necessary to preserve appellate review in counseled cases.[3] As a counseled party, Booth received ample notice by way of statute,[4] the Federal Rules,[5] and extensive circuit

_____

[1] See 28 U.S.C. § 636(b)(1)(B) (1994); District of South Carolina Local Rule 19.02(B)(2)(f).
[2] 109 F.3d 198 (4th Cir. 1997).
[3] See Wells, 109 F.3d at 201.
[4] See 28 U.S.C. § 636(b)(1) (1994).

[5] See Fed. R. Civ. P. 72

2

precedent**6** of the deadline for filing objections and the consequences for noncompliance. A court is under no obligation to advise every

lawyer of every deadline for every proceeding--much less of every consequence should the deadline be missed or ignored. The ten day

deadline is hardly obscure, and a court may count upon attorneys to

consult readily available court procedures along with any accompanying caselaw.**7**

Accordingly, we dismiss the appeal. Additionally, we grant Appellee Amalgamated Clothing and Textile Workers Union's motion to

file a supplemental appendix. We dispense with oral argument

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional

process.

DISMISSED

_____

**6** **See Snyder v. Ridenour**, 889 F.2d 1363 (4th Cir. 1989) (tort defendant who failed to file objections to magistrate's report waived appeal); Taylor v. Bowen, 821 F.2d 985 (4th Cir. 1987) (disability claimant who failed to file objections to magistrate's report waived appeal); Praylow v. Martin, 761 F.2d 179, 180 n.1 (4th Cir. 1985) (party which failed to file an objection to a particular point in magistrate's finding waived appeal on that point); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984) (prisoner who failed to file objections to magistrate's report waived appeal); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984) (prisoner who objected to magistrate's report after deadline waived appeal); cf. Nantahala Village, Inc. v. NCNB Nat'l Bank, 976 F.2d 876 (4th Cir. 1992) (debtor who failed to file objections to bankruptcy court's recommendations waived appeal).

**7** **See Wells**, 109 F.3d at 200.