**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-7713

PAUL FARMER,

Petitioner - Appellee,

versus

THOMAS MCBRIDE, Warden, Mount Olive
Correctional Complex,

Respondent - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.  David A. Faber, Chief
District Judge.  (CA-03-2077-5)

Argued:  March 15, 2006                Decided:  April 26, 2006

Before MOTZ and TRAXLER, Circuit Judges, and James P. JONES, Chief
United States District Judge for the Western District of Virginia,
sitting by designation.

Dismissed by unpublished per curiam opinion.

**ARGUED:** Kristen Leigh Keller, RALEIGH COUNTY PROSECUTING ATTORNEY'S
OFFICE, Beckley, West Virginia, for Appellant.  Geoffrey Jonathan
Michael, ARNOLD & PORTER, L.L.P., Washington, D.C., for Appellee.
**ON BRIEF:** Sarah M. Brackney, ARNOLD & PORTER, L.L.P., Washington,
D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Thomas McBride, Warden of the Mount Olive Correctional Complex in West Virginia, appeals the district court's order adopting the findings and recommendation of the magistrate judge and granting petitioner Paul Farmer a writ of habeas corpus pursuant to 28 U.S.C.A. § 2254 (West 1994 & Supp. 2005). Because McBride failed to file objections to the magistrate's report and recommendation with the district court, Farmer claims that McBride has waived his right to appeal to this court. We agree and, accordingly, dismiss the appeal.[1]

I.

In June 1992, a West Virginia state court jury convicted Farmer of first degree murder, kidnaping, and conspiracy, arising out of the kidnaping and murder of John Maxwell in Raleigh County, West Virginia. Farmer was sentenced to two consecutive life terms for the murder and kidnaping convictions, and to a concurrent term of up to five years for the conspiracy conviction. The convictions and sentence were affirmed on direct appeal. See State v. Farmer, 445 S.E.2d 759 (W. Va. 1994) (per curiam). Kristen Keller, Chief

---

[1]At oral argument, Farmer challenged the panel as improperly constituted because it includes a district court judge, who sits by designation of the Chief Judge of this circuit. See 28 U.S.C.A. § 292 (West 1993). We thereafter afforded Farmer the opportunity to file a supplemental brief on the issue. We reject the challenge to the panel and hold that the district judge has been properly and constitutionally designated to sit by the Chief Judge.

Deputy Prosecuting Attorney for Raleigh County (the "Prosecuting Attorney"), represented the State of West Virginia at trial, on direct appeal, and in the following state habeas proceedings.

On August 18, 2003, having unsuccessfully pursued state post-conviction relief, Farmer filed against McBride a petition for writ of habeas corpus in the district court under 28 U.S.C.A. § 2254. Farmer raised several claims for relief, including claims that his Sixth Amendment right to effective assistance of counsel was violated by the trial court's restriction of his access to counsel during a weekend break in the trial, see Geders v. United States, 425 U.S. 80 (1976), and by his trial counsel's alleged failure to properly preserve the Geders claim on direct appeal, see Strickland v. Washington, 466 U.S. 668 (1984). The Office of the Attorney General for the State of West Virginia (the "Attorney General") entered an appearance on behalf of McBride, and filed an answer, motion to dismiss, and motion for summary judgment.

Pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West Supp. 2005), the case was referred to a magistrate judge for proposed findings and a recommendation. On August 30, 2004, the magistrate judge issued his Proposed Findings and Recommendation that Farmer's petition be granted based on his Geders claim, but that the district court reject Farmer's remaining grounds for relief. Contained within the Proposed Findings and Recommendation was a clear warning to the parties that their failure to file timely written objections to the

3

magistrate judge's report "shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." J.A. 255. Farmer filed timely objections to those portions of the Findings and Recommendation which rejected his additional claims for relief; McBride filed no objections.

On September 17, 2004, the district court noted the absence of any objections on the part of McBride, conducted de novo review of the issues raised by Farmer in his objections, and entered an order adopting the magistrate judge's recommendation to grant habeas relief. Accordingly, the district court denied McBride's motion to dismiss and for summary judgment, granted Farmer habeas relief under § 2254(d), and remanded the case to the Circuit Court of Raleigh County.

On October 18, 2004, after the Raleigh County Circuit Court received notice of the remand, the Prosecuting Attorney filed a notice of appearance and notice of appeal on behalf of McBride in this court, seeking to appeal the district court's grant of habeas relief. The Attorney General, however, made no effort to appeal the district court's decision on behalf of McBride, nor has it appeared or offered any support of the appeal before this court.

On January 24, 2005, Farmer moved to dismiss the appeal based on McBride's failure to object to the magistrate judge's findings

4

and recommendation.   We deferred action on the motion pending formal briefing and oral argument.[2]

## II.

The Federal Magistrate's Act provides that "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."   28 U.S.C.A. § 636(b)(1); see also Fed. R. Civ. P. 72(b) (providing that "[w]ithin 10 days after being served with a copy of the [magistrate judge's] recommended disposition [of a prisoner petition], a party may serve and file specific, written objections to the proposed findings and recommendations.").   The district court is only required to review de novo those portions of the report to which specific objections have been made, see 28 U.S.C.A. § 636(b)(1),[3] and need not conduct

[2]Farmer has not filed a cross-appeal contesting the district court's denial of relief based upon the issues and objections that he raised below.

[3]See 28 U.S.C.A. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); see also Fed. R. Civ. P. 72(b) ("The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.").

<u>de</u> <u>novo</u> review "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations," <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of objections, the district court is not required to explain its reasons for adopting the report. <u>See</u> <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983).

"The law in this circuit is clear. If written objections to a magistrate judge's recommendations are not filed with the district court within ten days, a party waives its right to an appeal." <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>see</u> <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985) (noting the general rule that "a party who fails to object to a magistrate's report is barred from appealing the judgment of a district court adopting the magistrate's findings"); <u>see</u> <u>also</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985) (holding "that a court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired"). As noted by this court,

> the waiver rule advances the purposes of the Federal Magistrates Act. It allows district courts to assign work to magistrate judges while reserving for themselves final authority over the judgments. The absence of a waiver rule would impose a serious incongruity on the district court's decision-making process – vesting it

> with the duty to decide issues based on the magistrate's findings but depriving it of the opportunity to correct those findings when the litigant has identified a possible error. Further, without a waiver rule, litigants would have no incentive to make objections at the trial level; in fact they might even be encouraged to bypass the district court entirely, even though Congress has lodged the primary responsibility for supervision of federal magistrates' functions with that judicial body.

Wells, 109 F.3d at 200 (internal citations and quotation marks omitted); see also Thomas, 474 U.S. at 147, 148 (noting that the waiver rule "is supported by the sound considerations of judicial economy" and "prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing").

McBride acknowledges our waiver rule, and does not dispute that his failure to object within the time limit would ordinarily constitute a waiver of his right to appeal. His sole contention is that we should exercise our discretion to permit the appeal under the "interests of justice" exception to the waiver rule recognized by the Supreme Court. See Thomas, 474 U.S. at 155 (noting that "because the rule is a nonjurisdictional waiver provision, the Court of Appeals may excuse the default in the interests of justice").

Although we have recognized that the "the [waiver] rule is not absolute," Wright, 766 F.2d at 845, we have thus far recognized an exception only in the limited context of "procedural ambush." United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Specifically, we have held that a pro se litigant's failure to

object will not bar an appeal if the litigant "received no notice of the consequences of a failure to object to the magistrate's report." Wright, 766 F.2d at 847. We have, however, refused to extend the exception to parties represented by counsel presumed to know the applicable rules regarding their procedural obligations. See Wells, 109 F.3d at 199-200.

In this case, the Prosecuting Attorney urges us to expand the interests-of-justice exception to the waiver in this case because McBride believes he had meritorious objections that should have been raised,[4] the West Virginia Attorney General abandoned its representation of McBride by failing to file those objections, and the conviction was for a serious crime. In addition, the Prosecuting Attorney asserts that we should apply the exception because she (as opposed to McBride) was procedurally ambushed by the failure to receive notification of the magistrate judge's findings and recommendation. The confluence of these factors, the Prosecuting Attorney argues, makes this "just the extraordinary case which the United States Supreme Court had in mind when it 'emphasize[d] that . . . the Court of Appeals may excuse the

---

[4]Specifically, McBride asserts that the West Virginia Supreme Court's adjudication of Farmer's Sixth Amendment claim is not contrary to nor an unreasonable application of Supreme Court precedent and that the West Virginia Supreme Court's alternative decision to reject the claim based upon procedural default should have precluded the grant of habeas relief.

default in the interests of justice.'" Brief of Appellant at 10 (quoting <u>Thomas</u>, 474 U.S. at 155).

First, we are unpersuaded by the argument that McBride's default should be excused simply because the Prosecuting Attorney did not receive notification of the magistrate's findings and recommendation in time to file objections. McBride was properly represented by the Attorney General's Office in West Virginia, which possesses clear statutory authority to represent such state officials in federal habeas proceedings, and there is no dispute that the Attorney General received notice. <u>See</u> <u>Manchin v. Browning</u>, 296 S.E.2d 909, 918 (W. Va. 1982) (noting that the West Virginia statutes clearly designate the Attorney General as the legal advisor and representative of state officers sued in their official capacities, and that the "Attorney General is required to give legal advice, to prosecute and defend suits and to appear in court on their behalf"); W. Va. Code § 5-3-1 (providing that "[t]he attorney general . . . shall prosecute and defend suits, actions, and other legal proceedings, and generally render and perform all other legal services, whenever required to do so, in writing, by the . . . head of any state educational, correctional, penal or eleemosynary institution"); <u>see</u> <u>also</u> W. Va. Code § 5-3-2 (providing that "[t]he attorney general shall appear as counsel for the state in all causes pending in the supreme court of appeals, or in any

9

federal court, in which the state is interested. . . .").[5] Accordingly, the district court had no obligation to notify the Prosecuting Attorney in addition to the Attorney General of the pending proceedings or the magistrate judge's findings and recommendation. See 28 U.S.C.A. § 2252 (West 1994) ("Prior to the hearing of a habeas corpus proceeding in behalf of a person in custody of State officers or by virtue of State laws notice shall be served on the attorney general or other appropriate officer of such State as the justice or judge at the time of issuing the writ shall direct"). Thus, her failure to receive notice is not grounds for excusing McBride's default.

There is also no support for the Prosecuting Attorney's claim that the Attorney General "abandoned" its representation of McBride; indeed, the record leads more logically to the conclusion that the Attorney General simply made a reasonable choice not to

_____

[5]The statute also provides that the Attorney General "may require the several prosecuting attorneys to perform, within the respective counties in which they are elected, any of the legal duties required to be performed by the attorney general which are not inconsistent with the duties of the prosecuting attorneys as the legal representatives of their respective counties." Id. (emphasis added). There is no indication that the Attorney General delegated its representation of McBride to the Prosecuting Attorney at any point in these proceedings. However, at oral argument, the Prosecuting Attorney asserted that she and the other local prosecuting attorneys have such authority in the event the Attorney General does not proceed further, and neither the parties, nor the Attorney General, have challenged the Prosecuting Attorney's authority to represent McBride in these proceedings. Accordingly, we assume that such authority was present for purposes of this case.

pursue the issue in the wake of the magistrate judge's recommendation. The magistrate judge issued his proposed findings and recommendation in August 2004. Although not required to do so for McBride, who was represented by counsel, the magistrate judge's findings and recommendation specifically notified the parties of their obligation to file objections in order to preserve any right to de novo review by the district court or appellate review by the court of appeals. The district court issued its decision adopting the recommendation on September 17, 2004. Approximately one week later, the Circuit Court of Raleigh County received the remanded file. At no time during this process did the Attorney General seek an extension from the district court to file objections, offer any explanation for its decision not to file objections, or seek reconsideration of the district court's decision. In the month-long interim between the issuance of the district court's order and the Prosecuting Attorney's filing of an appeal to this court, the Attorney General again made no efforts to challenge the district court's decision. The Attorney General has not entered an appearance in this appeal, nor offered any assistance to the Prosecuting Attorney in her pursuit of this appeal. Thus, while Farmer argues that the purported "failures" on the part of the Attorney General should lead us to the conclusion that it "abandoned" its representation of McBride, we are led to the much different conclusion that the Attorney General, on behalf of

11

McBride, agreed with the magistrate judge's findings and recommendation, as well as the district court's decision, and made a conscious and voluntary choice not to file objections or pursue an appeal to this court.

In sum, we are unpersuaded by the Prosecuting Attorney's claim that we should excuse the waiver because the West Virginia Attorney General's Office failed to file objections and she did not receive notice of the proceedings in time to file objections herself. The Attorney General was the appropriate state officer to represent McBride and the appropriate entity to receive notice from the court. The magistrate judge's findings and recommendation clearly alerted all parties of their procedural obligations. The record before us indicates nothing other than that the Attorney General's decision not to object was knowingly and voluntarily made. Furthermore, even if we were directed to evidence that the Attorney General's office was negligent in its duties, we would not excuse the default. McBride has pointed us to no case in which the failure to object has been excused where the party who failed to object was represented by counsel, and we have previously refused to excuse such a default in a case where a prisoner who was represented by counsel failed to timely file objections to a magistrate's recommendation. See Wells, 109 F.3d at 199-200; cf. 28 U.S.C.A. § 2254(I) (providing that ineffectiveness or incompetence of counsel in a federal collateral post-conviction

12

relief proceeding is not a ground for relief in a § 2254 proceeding). We likewise decline to excuse the default, under an "interests of justice" exception, simply because a party obtains substitute counsel who wishes to undo his or her predecessor's failure to file objections in order to pursue an appeal.

We are equally unpersuaded by McBride's assertion that we should exercise our discretion to excuse the default because he had meritorious objections to the magistrate judge's findings and recommendation and because Farmer's conviction involved the serious crime of kidnaping and murder.

As an initial premise, we note that McBride has pointed us to no authority to support his claim that the seriousness of the crime is a factor to be considered in determining whether a failure to object should be excused. This court has previously applied the waiver rule in a case involving a state court conviction for a serious crime, see Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984) (per curiam) (holding that state prisoner, who had been convicted of robbery, rape, abduction, and use of a firearm in the commission of a felony, waived his right to appeal the district court's denial of his petition for writ of habeas corpus because he objected to magistrate's report after the deadline), and the Supreme Court did not seem troubled by the fact that a state murder conviction was before them when it upheld the circuit court's authority to impose

13

such a waiver, see Thomas, 474 U.S. at 155 (upholding waiver where the defendant, convicted of murder, failed to file objections).

McBride's claim that we should excuse his default under the "interests of justice" exception because he can demonstrate the existence of meritorious objections to the magistrate's recommendation is similarly unpersuasive. The waiver rule is a procedural rule designed to allow district courts to "assign work to magistrate judges while reserving for themselves final authority over the judgments." Wells, 109 F.3d at 200. If the "interests of justice" exception could be invoked whenever an appellant can demonstrate that he or she has meritorious objections to the findings and recommendation, the very purpose of the waiver rule would be eviscerated. "[L]itigants would have no incentive to make objections at the trial level; in fact they might even be encouraged to bypass the district court entirely, even though Congress has lodged the primary responsibility for supervision of federal magistrates' functions with that judicial body." Id. (internal quotation marks omitted).[6]

---

[6]To the extent the Prosecuting Attorney attempts to rely upon the "fundamental error" or "plain error" doctrine discussed in Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989), that reliance is misplaced. In Snyder, a case which involved a tort claim arising from an automobile accident, we rejected the appellant's alternative claim that the defendant could appeal under the "plain error" doctrine applicable to unobjected-to errors in the district court proceedings even though the defendant failed to file the requisite objections below. The plain error doctrine does not apply in appeals from district court adjudications of habeas petitions brought under 28 U.S.C.A. § 2254(d), and we have never

14

III.

Because McBride did not object to the magistrate's recommendation, and no "interests of justice" exception to the general rule is warranted, McBride waived his right to appeal the merits of the district court's order adopting the findings and recommendation of the magistrate judge and granting habeas relief to Farmer. Accordingly, McBride's appeal from the district court's decision is hereby dismissed.

<u>DISMISSED</u>

---

viewed the "plain error" doctrine as an "interests of justice" exception to the waiver rule.